# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6063 | **DATE** | 9/5/2012 |
| **CASE TITLE** | Henry Barrows (B-82577) vs. Sonya Gyimah, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to make deductions in accordance with this order. The Clerk is directed to mail a copy of this order to the trust fund officer at the Pontiac Correctional Center, and to issue summons for service of the complaint on the Defendants. The Clerk shall send Plaintiff a magistrate judge consent form and filing instructions for this Court.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

Plaintiff Henry Barrows, currently incarcerated at the Pontiac Correctional Center, has filed another 42 U.S.C. § 1983 civil rights action in this Court concerning events that occurred while he was at the Stateville Correctional Center. Naming five Stateville officers, Plaintiff asserts the following: In response to his requests for psychiatric care, Stateville Sergeant Sonya Gyimah allegedly refused and stated that Plaintiff should kill himself. (Compl. at 6.) Medical Technician Holman was called, but no appointment was made for psychiatric care. Plaintiff was placed back in his cell, where he started a fire. (*Id.*) He was pulled out of his cell and spoke to Dr. Woods. The following day, Plaintiff requested to see a Crisis Team Member, but Sergeant Burlybile refused. Plaintiff then set his arm on fire. (*Id.*) Officers put out the fire with an extinguisher and a medical technician provided salve for Plaintiff's arm. (*Id.*) In April 2011, Plaintiff again requested to see a Crisis Team Member. Sergeant Williams refused, no Crisis Team Member visited Plaintiff, and he again set his arm on fire. (*Id.*) Plaintiff states that he attempted to obtain medical treatment for his arm, but was denied treatment until his arm began to blister. (*Id.*)

The Court finds that Plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Plaintiff is assessed an initial partial filing fee of $2.00. The trust fund officer at Plaintiff's place of confinement is directed to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of this Court. Thereafter, the trust fund officer shall collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments from Plaintiff's account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Pontiac officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

Preliminary review of the allegations stated above, *see* 28 U.S.C. § 1915A, indicates that Plaintiff states a colorable cause of action against the Defendants. *See Estate of Miller, ex rel. Bertram v. Tobiasz* 680 F.3d 984, 989 (7th Cir. 2012); *Woodward v. Correctional Medical Services of Illinois, Inc.*, 368 F.3d 917 (7th Cir. 2004) (deliberate indifference to a serious medical need has been applied to suicide risks and the need for psychiatric

| STATEMENT |
|---|

care).

      The Clerk shall issue summons for service of the complaint Stateville Officers Sergeant Sonya Gyiamah, Sergeant Williams, Lieutenant Burlybile, and Medical Technician Holman. The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete for service will be sent by the Marshal. Plaintiff's failure to return those forms may result in the dismissal of Defendants. The Marshal shall make all reasonable efforts to serve Defendants. With respect to any former jail employee who can no longer be found at Stateville, officials there shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall neither be disclosed by the Marshal nor kept in the Court's file. The Marshal is authorized to mail requests for waivers of service to the Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If waivers of service are not obtained, the Marshal shall attempt personal service.

      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any filing to the Defendants or their counsel, if an attorney enters an appearance on their behalf. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.