IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HENRY BARROWS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 6063 |
| | ) | |
| v. | ) | Honorable Virginia M. Kendall |
| | ) | Judge Presiding |
| SONYA GYIMAH, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| HENRY BARROWS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 1889 |
| | ) | |
| v. | ) | Honorable Virginia M. Kendall |
| | ) | Judge Presiding |
| WENDY OLSON-FOXON, et al. | ) | |
| | ) | Consolidated Under |
| Defendants. | ) | No. 12 C 6063 |

**ANSWER AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S
FIRST AMENDED COMPLAINT**

NOW COME the Defendants, Defendant WENDY OLSON-FOXON, EDWARD D. MATAKIEWICZ, and JOHN COMBS, by and through their attorney LISA MADIGAN, Attorney General of the State of Illinois, and for their Answer and Affirmative Defense to Plaintiff's First Amended Complaint state the following:

**JURISDICTION**

69. This First Amended Complaint (the "Complaint") is filed pursuant to 42 U.S.C. § 1983, commonly known as the Civil Rights Act, and jurisdiction of the Court is conferred by 28 U.S.C. § 1331.

**ANSWER:** Defendants admit the allegations of paragraph 69.

1

## PARTIES

70. Plaintiff Henry Barrows, register No. B 82577, was at all relevant times an inmate at Stateville Correctional Center ("Stateville") located in Joliet, Illinois, in the Northern District of Illinois, and is presently confined in Pontiac Correctional Center, located in Pontiac, Illinois, in the Northern District of Illinois.

**ANSWER:** Defendants admit the allegations of paragraph 70.

71. At all relevant times, Defendant Wendy Olson-Foxon ("Ms. Olson-Foxon") was employed by the Illinois Department of Corrections (the "IDOC") as a medical technician at Stateville.

**ANSWER:** Defendants admit the allegations of paragraph 71.

72. At all relevant times, Defendant Edward D. Matakiewicz ("Mr. Matakiewicz") was employed by the IDOC as an officer at Stateville.

**ANSWER:** Defendants admit the allegations of paragraph 72.

73. At all relevant times, Defendant John Combs ("Mr. Combs") was employed by the IDOC as an officer at Stateville.

**ANSWER:** Defendants admit the allegations of paragraph 73.

74. All defendants are sued in their individual capacities.

**ANSWER:** Defendants admit the allegations of paragraph 74.

## FACTS COMMON TO ALL CLAIMS

75. On or about August 16, 2011, Ms. Olson-Foxon was employed by the IDOC and working in her capacity as a medical technician at Stateville.

**ANSWER:** Defendants admit the allegations of paragraph 75.

76. On or about August 16, 2011, Mr. Matakiewicz was employed by the IDOC and working in his capacity as an officer at Stateville.

**ANSWER:** Defendants admit the allegations of paragraph 76.

77. On or about August 16, 2011, Mr. Combs was employed by the IDOC and working in his capacity as an officer at Stateville.

**ANSWER:** Defendants admit the allegations of paragraph 77.

78. Upon information and belief, Mr. Barrows had been involved in physical and verbal confrontations with one or more of the Defendants prior to August 16, 2011.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78.

79. At all relevant times, Mr. Barrows was diagnosed as having schizoaffective disorder and bipolar disorder, and was prescribed multiple medications, including Depakote E.C., Risperdal, Trazadone, and Klonopin, for his conditions by members of the Stateville medical staff. Schizoaffective disorder and bipolar disorder result in higher incidence of suicide among those with these disorders as compared to the public at large.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79.

80. Prior to the events at issue in this Complaint, Mr. Barrows had threatened suicide multiple times. Among other things, Mr. Barrows had a history of inflicting serious, potentially life threatening, harm on himself. Upon information and belief, Mr. Barrows had spent a large portion of 2011, on crisis watch, including days immediately prior to August 16, 2011.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80.

81. Upon information and belief, the Defendants were aware of Mr. Barrows' mental illness and his history of both verbal and physical confrontations with guards and others at Stateville and of inflicting serious, potentially life threatening, harm on himself.

**ANSWER:** Defendants deny the allegations of paragraph 81.

82. On or about August 16, 2011, Mr. Barrows requested that Mr. Matakiewicz and, Mr. Combs arrange for Mr. Barrows to be seen by a crisis team member or other mental health professional because he told them that he was concerned that he would harm himself.

**ANSWER:** Defendants deny the allegations of paragraph 82.

83. On or about August 16, 2011, after Mr. Matakiewicz and Mr. Combs failed to arrange for a crisis team or other mental health professional to attend to Mr. Barrows, Mr. Barrows set fire to his ankle.

**ANSWER:** Defendants deny the allegations of paragraph 83.

84. On or about August 16, 2011, after Mr. Barrows set fire to his ankle, Mr. Matakiewicz and Mr. Combs entered Mr. Barrows' cell and saw the burn on Mr. Barrows' ankle.

**ANSWER:** Defendants deny the allegations of paragraph 84.

85. On or about August 16, 2011, although Mr. Matakiewicz and Mr. Combs had seen that Mr. Barrows required medical attention, they failed to arrange for prompt medical care for Mr. Barrows.

**ANSWER:** Defendants deny the allegations of paragraph 85.

86. On or about August 16, 2011 Mr. Barrows repeatedly asked for medical attention but did not receive any medical attention. He was left in his cell all night without being seen by a medical doctor, crisis team member, or mental health staff member, despite having burns on his ankle.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86.

87. Finally, on or about August 17, 2011, Mr. Barrows was seen by Ms. Olson-Foxon who asked Mr. Barrows what had happened. However, after she was told that Mr. Barrows lit himself on fire, Ms. Olson-Foxon told Mr. Barrows that he did not need medical attention if he was going to be hurting himself. Mr. Barrows also asked Ms. Olson-Foxon what had happened to Mr. Barrows' prior sick slips since he had not been provided with medical attention, Ms. Olson-Foxon explained that she had thrown those sick call slips away, preventing him from receiving medical attention.

**ANSWER:** Defendants deny the allegations of paragraph 87.

88. On or about August 17, 2011, despite seeing that Mr. Barrows was burned, Ms. Olson-Foxon left Mr. Barrows in his cell and failed to provide any medical attention to Mr. Barrows and failed to arrange for prompt medical and mental health attention to him.

**ANSWER:** Defendants deny the allegations of paragraph 88.

89. On or about August 17, 2011, Mr. Barrows was in pain caused by his burnt ankle, which had now developed a blister and was exuding puss.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89.

90. On or about August 18, 2011, Mr. Barrows was finally taken to the health care unit where he received medical attention for his burned ankle.

**ANSWER:** Defendants admit that medical care was rendered to Plaintiff on August 17, 2011.

91. On information and belief, Mr. Barrows filed a grievance with the IDOC concerning the above-mentioned events.

**ANSWER:** Defendants admit the allegations of paragraph 91.

92. Mr. Barrows has exhausted his administrative means for seeking redress for the above-mentioned deprivation of his civil rights.

**ANSWER:** Defendants admit the allegations of paragraph 92.

### COUNT V
### CRUEL AND UNUSUAL PUNISHMENT
### DEFENDANT OLSON-FOXON

93. Mr. Barrows re-alleges paragraphs 69-92 as if fully set forth herein.

**ANSWER:** Defendants reassert and adopt herein their answers to paragraphs 69-92.

94. At all relevant times, Ms. Olson-Foxon was employed by IDOC and acting in her capacity as a medical technician at Stateville.

**ANSWER:** Defendants admit the allegations of paragraph 94.

95. At all relevant times, Ms. Olson-Foxon had a duty to perform the tasks mandated of a person in her position, including providing appropriate medical care, as proscribed by the Eighth Amendment to the United States Constitution.

**ANSWER:** Defendants admit the allegations of paragraph 95.

96. At all relevant times, Ms. Olson-Foxon had a duty to perform the tasks mandated of a person in her position, including notifying medical staff when an inmate is in need of medical care and notifying a crisis team member and/or psychological doctor in the event an inmate injures, or threatens to injure, himself in a manner which suggests suicidal intention, as proscribed by the Eighth Amendment to the United States Constitution.

**ANSWER:** Defendants admit any and all duties imposed upon them by law, but deny that paragraph 96 of Plaintiff's First Amended Complaint correctly alleges those duties.

97. At all relevant times, on information and belief, Ms. Olson-Foxon was reasonably aware of her above-mentioned duties.

**ANSWER:** Defendants admit the allegations of paragraph 97.

98. Ms. Olson-Foxon deliberately and unreasonably refused to perform her duties as fully described herein, including, but not limited to, deliberately refusing to provide medical attention, refusing alert crisis team members, and deliberately refusing to alert medical staff despite Mr. Barrows' medical condition and despite his requests to be seen by a psychological

doctor and/or medical staff member, and his repeated oral declarations he was experiencing self-injurious urges.

**ANSWER:** Defendants deny the allegations of paragraph 98.

99. Ms. Olson-Foxon's deliberate and unreasonable refusal to perform her duties leaving Mr. Barrows to suffer in his cell as described herein constitutes deliberate indifference to Mr. Barrows' health and safety, the imminent risk he would further harm himself in a suicidal manner, and constitutional right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

**ANSWER:** Defendants make no answer to the allegations of paragraph 99 as they state legal conclusions. To the extent that the allegations of paragraph 99 do not state legal conclusions, they are denied.

100. As a direct and proximate result of Ms. Olson-Foxon's misconduct, Mr. Barrows suffered deprivation of his constitutional rights.

**ANSWER:** Defendants deny the allegations of paragraph 100.

## COUNT VI
## CRUEL AND UNUSUAL PUNISHMENT
## DEFENDANT MATAKIEWICZ

101. Mr. Barrows re-alleges paragraphs 69-92 as if fully set forth herein.

**ANSWER:** Defendants reassert and adopt herein their answers to paragraphs 69-92.

102. At all relevant times, Mr. Matakiewicz was employed by IDOC and acting in his capacity as an officer at Stateville.

**ANSWER:** Defendants admit the allegations of paragraph 102.

103. At all relevant times, Mr. Matakiewicz had a duty to perform the tasks mandated of a person in his position, including notifying a crisis team member and/or psychological doctor in the event an inmate injures, or threatens to injure, himself in a manner which suggests suicidal intention, as proscribed by the Eighth Amendment to the United States Constitution.

**ANSWER:** Defendants admit any and all duties imposed upon them by law, but deny that paragraph 103 of Plaintiff's First Amended Complaint correctly alleges those duties.

104. At all relevant times, Mr. Matakiewicz had a duty to perform the tasks mandated of a person in his position, including notifying medical staff when an inmate is in need of medical care, as proscribed by the Eighth Amendment to the United States Constitution.

**ANSWER:** Defendants admit the allegations of paragraph 104.

105. At all relevant times, Mr. Matakiewicz was reasonably aware of his above-mentioned duties.

**ANSWER:** Defendants admit the allegations of paragraph 105.

106. Mr. Matakiewicz deliberately and unreasonably refused to perform his duties as fully described herein, including, but not limited to, deliberately refusing to alert crisis team members and deliberately refusing to alert medical staff despite Mr. Barrows' repeated requests to be seen by a psychological doctor and/or medical staff member, and his repeated oral declarations he was experiencing suicidal, self-injurious, and depressed thoughts.

**ANSWER:** Defendants deny the allegations of paragraph 106.

107. Mr. Matakiewicz' deliberate and unreasonable refusal to perform his duties directly resulted in Mr. Barrows committing the self-injurious acts fully described herein and constitutes deliberate indifference to Mr. Barrows' health and safety, the imminent risk he would harm himself in a suicidal manner, and his constitutional right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

**ANSWER:** Defendants make no answer to the allegations of paragraph 107 as they state legal conclusions. To the extent that the allegations of paragraph 107 do not state legal conclusions, they are denied.

108. As a direct and proximate result of Mr. Matakiewicz' misconduct, Mr. Barrows suffered deprivation of his constitutional rights.

**ANSWER:** Defendants deny the allegations of paragraph 108.

## COUNT VII
## CRUEL AND UNUSUAL PUNISHMENT
## DEFENDANT COMBS

109. Mr. Barrows re-alleges paragraphs 69-92 as if fully set forth herein.

**ANSWER:** Defendants reassert and adopt herein their answers to paragraphs 69-92.

110. At all relevant times, Mr. Combs was employed by IDOC and acting in his capacity as an officer at Stateville.

**ANSWER:** Defendants admit the allegations of paragraph 110.

111. At all relevant times, Mr. Combs had a duty to perform the tasks mandated of a

7

person in his position, including notifying a crisis team member and/or psychological doctor in the event an inmate injures, or threatens to injure, himself in a manner which suggests suicidal intention, as proscribed by the Eighth Amendment to the United States Constitution.

**ANSWER:** Defendants admit any and all duties imposed upon them by law, but deny that paragraph 111 of Plaintiff's First Amended Complaint correctly alleges those duties.

112. At all relevant times, Mr. Combs had a duty to perform the tasks mandated of a person in his position, including notifying medical staff when an inmate is in need of medical care, as proscribed by the Eighth Amendment to the United States Constitution.

**ANSWER:** Defendants admit the allegations of paragraph 112.

113. At all relevant times, Mr. Combs was reasonably aware of his above-mentioned duties.

**ANSWER:** Defendants admit the allegations of paragraph 113.

114. Mr. Combs deliberately and unreasonably refused to perform his duties as fully described herein, including, but not limited to, deliberately refusing to alert crisis team members and deliberately refusing to alert medical staff despite Mr. Barrows' repeated requests to be seen by a psychological doctor and/or medical staff member, and his repeated oral declarations he was experiencing suicidal, self-injurious, and depressed thoughts.

**ANSWER:** Defendants deny the allegations of paragraph 114.

115. Mr. Combs' deliberate and unreasonable refusal to perform his duties directly resulted in Mr. Barrows committing the self-injurious acts fully described herein and constitutes deliberate indifference to Mr. Barrows' health and safety, the imminent risk he would harm himself in a suicidal manner, and his constitutional right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

**ANSWER:** Defendants make no answer to the allegations of paragraph 115 as they state legal conclusions. To the extent that the allegations of paragraph 115 do not state legal conclusions, they are denied.

116. As a direct and proximate result of Mr. Combs' misconduct, Mr. Barrows suffered deprivation of his constitutional rights.

**ANSWER:** Defendants deny the allegations of paragraph 116.

WHEREFORE, Defendants deny that Plaintiff is entitled to judgment in any amount or sum whatsoever, and prays this matter be dismissed with prejudice and with costs assessed in favor of the Defendants.

## GENERAL DENIAL

Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSE

At all times relevant herein, Defendants acted in good faith and in furtherance of lawful objectives without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

## JURY DEMAND

Defendants demand a trial by jury on all issues herein triable.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois     By:    s/Christopher Walter
                                                                CHRISTOPHER WALTER
                                                                Assistant Attorney General
                                                                General Law Bureau
                                                                100 W. Randolph Street, 13th Floor
                                                                Chicago, Illinois 60601
                                                                (312) 814-4451