# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement"), is made and entered into by and between the Plaintiff Henry Barrows, (hereinafter referred to as "Plaintiff"), and the Defendants Perry Kirk, Ralph Burkybile, Donald Williams, Nelson Holman, Wendy Olsen-Foxon, Edward P. Matakiewicz, John Combs, and Sonya Gyimah (hereinafter referred to as "Defendants") and the Illinois Department of Corrections (hereinafter referred to as "IDOC").

### RECITALS

WHEREAS, the Plaintiff filed a lawsuit in the United States District Court for the Northern District of Illinois, Eastern Division, entitled *Barrows v. Kirk*, Number 12 C 4569, alleging violations of rights protected by statute(s), regulation(s), common law, the Constitution of the State of Illinois and/or the Constitution of the United States;

WHEREAS, the Plaintiff filed a lawsuit in the United States District Court for the Northern District of Illinois, Eastern Division, entitled *Barrows v. Gyimah, et al.*, Number 12 C 6063, alleging violations of rights protected by statute(s), regulation(s), common law, the Constitution of the State of Illinois and/or the Constitution of the United States;

WHEREAS, the Plaintiff filed a lawsuit in the United States District Court for the Northern District of Illinois, Eastern Division, entitled *Barrows v. Olsen-Foxon, et al.*, Number 13 C 1889, alleging violations of rights protected by statute(s), regulation(s), common law, the Constitution of the State of Illinois and/or the Constitution of the United States (collectively, Case Numbers 12 C4569, 12 C 6063, and 12 C 1889 are hereinafter referred to as "Actions");

WHEREAS, the Defendants deny the allegations and deny any statutory, common law, constitutional or regulatory violations, and affirmatively state that the Plaintiff has failed to state a claim upon which relief can be granted;

WHEREAS, all Parties agree that neither the fact of this Agreement, nor any term or provision hereof shall be construed as an admission by any party to the Actions, the State of Illinois, or the IDOC of the merit or viability of any claims or defenses asserted by any party to the Actions, or an admission of liability by any of the Defendants; and

WHEREAS, so as to avoid further expense and in recognition of the positions of the Parties to the above case, the Parties wish to settle and compromise the pending Actions, thereby terminating this litigation;

IT IS HEREBY AGREED, by and between the Parties as follows:

1. In consideration for the full and complete settlement of this claim, the Plaintiff shall receive the payment of the sum of thirteen thousand dollars($13,000.00) payable from appropriations made to the Indemnification Fund administered by the Illinois Department of Central Management Services pursuant to the State Employee Indemnification Act (5 ILCS 350/0.01 et seq.) with the draft payable to Henry Barrows. The Parties understand that the amount payable under this Agreement is subject to state laws governing the State Comptroller's obligation to withhold funds that Henry Barrows may owe to other persons or to state agencies. The validity of those claims may be contested through applicable state procedures. IDOC specifically agrees that it waives any right it may have to seek the recovery of costs of incarceration from the settlement funds identified in this paragraph. The IDOC agrees and covenants not to

commence an action under 730 ILCS 5/3-7-6 or cause such action to be commenced, or any other action under any other law or in equity, to recover any portion of the settlement payment made hereunder.

2. It is expressly agreed that the Defendants in their individual capacities shall not be responsible for payment of any sum under this Agreement.

3. It is further understood and agreed that the above agreed upon terms are not to be construed as an admission of any liability, such liability having been expressly denied. No inducements or representations have been made by any agent or attorney of any party hereby released as to the legal liability or other responsibility of any party claimed responsible. It is agreed that this release applies to known or unknown injuries, costs, expenses, and/or damages alleged to have been suffered or incurred by the Plaintiff due to the actions or inactions of the Defendants as stated in the Plaintiff's complaints filed in the Actions, and is intended to be a full and complete disposition of the entire claims and/or causes.

4. The Plaintiff, his heirs, successors and assigns, agrees to release, and hereby releases and forever discharges the Defendants in their individual and official capacities, the IDOC, the State of Illinois, their agents, former and present employees, successors, heirs and assigns and all other persons (hereinafter collectively referred to as "Releasees") from all actions, claims, demands, setoffs, suits, causes of action, controversies, disputes, equitable relief, compensatory and punitive damages, costs and expenses which arose or could have arisen from the facts alleged or claims made in the Actions, which the Plaintiff owns, has or may have against the Releasees, whether known or unknown, from the beginning of time until the effective date of this

3

Agreement, including but not limited to, those at law, in tort (including actions under 42 U.S.C. Section 1983) or in equity.

5. The Plaintiff and his attorney release, waive and relinquish any claims or rights to attorney's fees, costs and expenses from the Defendants, the State of Illinois or the IDOC allegedly incurred or due in the Actions pursuant to 42 U.S.C. Section 1988, or under any other statute, rule or common law provision.

6. The claims at issue here have already been dismissed subject to the settlement memorialized in this Agreement.

7. No promise has been made to pay or give the Plaintiff any greater or further consideration other than as stated in this Agreement. All agreements, covenants, representations and warranties, express or implied, oral or written, of the Parties hereto concerning the subject matter of this Agreement are contained in this Agreement. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any party hereto to any other party concerning the subject matter of this Agreement. All prior and contemporaneous negotiations, possible and alleged agreements, representations, covenants and warranties, between the Parties concerning the subject matter of this Settlement Agreement are merged into this Settlement Agreement. This Agreement contains the entire agreement between the Parties.

8. The Plaintiff enters into this Agreement as a free and voluntary act with full knowledge of its legal consequences. The Plaintiff has not relied upon any information or representations which are not contained in this Agreement.

9. This Agreement shall be construed and interpreted in accordance with the laws of the State of Illinois, without regard to principles of conflict of laws.

10. This Agreement may not be changed, modified or assigned except by the written agreement of the Plaintiff, the IDOC and the Illinois Attorney General.

11. This Agreement shall not be construed to constitute a waiver of the State of Illinois or IDOC's sovereign immunity.

12. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and all counterparts so executed shall constitute one agreement binding on the Parties hereto, notwithstanding that all of the Parties are not signatory to the same counterpart.

AGREED:

_____  9/1/15
Plaintiff                         Date

_____  9/07/15
Counsel for Plaintiff             Date

On Behalf of the Illinois Department of Corrections:

_____  10/23/2015
Edward Huntley                    Date
Special Litigation Counsel
Illinois Department of Corrections